UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-62890-STRAUSS

HOWARD MICHAEL CAPLAN,

    Plaintiff,

vs.

REHABCLINICS (PTA) INC., a Foreign Profit Corporation d/b/a SELECT PHYSICAL THERAPY, and HALLANDALE PARTNERS 4 LLC, a Florida Limited Liability Company,

    Defendant(s).
_____/

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES, COSTS, EXPERT WITNESS FEES AND LITIGATION EXPENSES AND MEMORANDUM OF LAW**

Plaintiff, HOWARD MICHAEL CAPLAN, by and through undersigned counsel, pursuant to the Order Approving Settlement and Dismissing Case with Prejudice [DE 41] and the Parties' Amended Settlement Agreement [DE 40-1], hereby moves this Honorable Court for an award of attorney fees, costs, litigation expenses and expert fees, and in support thereof respectfully states as follows:

**SUMMARY CASE STATEMENT**

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans with Disabilities Act" or "ADA"). On April 3, 2020, the Parties filed an Amended Settlement Agreement labeled as "Consent Judgment (Amended)" [DE 40-1]. On April 3, 2020, this Honorable Court entered an Order Approving Settlement and Dismissing Case with Prejudice [DE 41]. Pursuant to the Order, the Court found that Plaintiff is entitled to an award of reasonable attorneys' fees, litigation expenses, and costs in accordance with the Settlement

Agreement.

Plaintiff now requests that the Honorable Court award Plaintiff his attorneys' fees, costs, litigation expenses and expert fees. The Parties could not reach an agreement.

Plaintiff strongly believes that an agreement could not be reached on fees and costs, because Defense Counsel has been and continues to be completely unreasonable[1] by litigating when completely unnecessary, simply to pad his own bill. Defendant knew all the while that violations existed and needed to be corrected by Defendant. Plaintiff will discuss further in this motion and more fully in the reply. Plaintiff will demonstrate in this motion and memorandum that conservative and reasonable billing has been carried out and applied throughout this litigation.

## MEMORANDUM OF LAW

### I. CALCULATING ATTORNEY'S FEES

In a civil rights case, the amount of an award of attorneys' fees is calculated by determining the reasonable hourly rate for the legal services involved and multiplying that rate by the number of hours reasonably expended. *See, Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Factors to be considered when setting a fee include: (A) the amount involved and the results obtained; (B) the time and labor required; (C) the novelty and difficulty of the issues; (D) the skill required to perform the legal services properly; (E) the preclusion of other employment; (F) the customary fee; (G) whether the fee is fixed or contingent; (H) the time limitations imposed by the client or circumstances; (I) the experience, reputation and ability of the attorneys; (J) the undesirability of the case; (K) the nature and length of the professional relationship with the client; and (L) awards

---

[1] Three examples out of many. 1) Plaintiff's Counsel requested 1.1 hours for preparing and proofing the complaint. Defense Counsel offered **.1(less then 6 minutes**) 2) offered 0.0 for discussing the case once a month with the client. One initial consultation of 10 minutes, he argues is enough. 3) 0.0 on a $2,500 paid invoice to the expert. *See* Exhibit "A" and Exhibit "B".

in similar cases. *Hensley, supra*, p. 429-430, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

**1. The Results Obtained.**

Civil rights laws in general depend heavily upon private enforcement. *Hensley v. Eckerhart*, 461 U.S. 424, 445(1983). Where the ADA is concerned, "private enforcement suits are the primary method of obtaining compliance with the Act," *D'Lil v. Best Western Encina Lodge & Suites*, 538 F. 3d 1031, 1036 (9th Cir 2008); *Doran, v. 7-Eleven, Inc.,* 524 F.3d at 1041(same). Because of the importance of the federal rights private enforcement actions vindicate, such actions are, as the Supreme Court noted, "private in form only." *Guardian Ass'n v. Civil Service Comm'n*, 463 U.S. 582 (1983). In *Villano v. Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001) the Eleventh Circuit held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs."

As the result of this lawsuit, the Plaintiff shall obtain significant beneficial results which substantially increase the accessibility of Defendants' facility to disabled individuals.[2]

**2. The Experience, Reputation, and Ability of the Attorneys.**

Plaintiff's attorney has significant litigation experience in both Federal and State Court and has significant experience in civil rights cases, including ADA Title III litigation.

Ronald Stern has approximately fifteen (15) years of experience as an attorney. He was admitted to practice in Florida in 2005. He is also admitted to practice before the Eleventh District Court of Appeals; the United States District Court for the Southern District of Florida; the United

---

[2] This is a suit for injunctive relief and no monetary damages are sought. Therefore, the "amount involved" is inapplicable as a factor in this action.

States District Court for the Middle District of Florida; and the United States District Court for the Western District of Texas. Ronnette Gleizer has over nine (9) years of experience as an attorney. She was admitted to practice in Florida in 2011, and has been with the Advocacy Law Firm, PA for approximately six (6) years. Mr. Stern and Ms. Gleizer both concentrate their practice in representing disabled plaintiffs in ADA cases and have handled literally hundreds of actions seeking to address ADA violations.

**3. The Time and Labor Required.**

Appended to this motion and identified as Exhibit "A," is a copy of the time records of Plaintiff's counsel documenting the time and effort which was required to obtain the resolution of this case.

In addition, the time expended by Plaintiff's counsel in preparing this motion is included. In general, time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable. *See Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990); *Guerrero v. Commings*, 70 F.3d 1111 (9th Cir. 1995); *Davis v. City and County Of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992); *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053 (2nd Cir. 1995); *Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 80 (9th Cir. 1991); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (1979); *Johnson v. State of Mississippi*, 606 F.2d 635 (5th Cir. 1979); *Bagby v. Beal*, 606 F.2d 411 (3d Cir. 1979); *Prandini v. National Tea Company*, 585 F.2d 47 (3d Cir. 1978).

As set forth in Exhibit "A," Ronald Stern spent 43.1 hours working on this case. In addition, there was 8.2 hours of associate time, and 6.5 hours of paralegal time involved. Furthermore, the amounts in Exhibit "A" do not account for any attorney time and costs which shall be expended

after the filing of the instant motion. The time spent was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained. Further, it is entirely due to Defendants' and Defense Counsel's continued litigation that this lawsuit has been prolonged this far, when it could have been resolved in the beginning with a site visit (Defense and Plaintiff's Counsel had done that before). Further, all time has been billed conservatively and at the same hourly rate the Undersigned has used for years. Defendants' Rebuttal to Time Entries and Expenses of Plaintiff is attached hereto as Exhibit "B".

**4. The Novelty and Difficulty of the Questions Presented and the Skill Requisite to Perform the Legal Service Properly.**

It is estimated that there are very few firms nationwide that litigate Title III ADA claims. Effective representation of plaintiffs in ADA actions requires not only sophisticated general litigation skills, such as familiarity with the rules of evidence and procedure, but, in addition, presents numerous issues regarding entitlement to injunctive relief, Article III standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), the Technical Assistance Manual and a multitude of other guides issued by the Department of Justice, the extensive body of case law issued by the courts nationwide, and finally whether remedial measures are "readily achievable." In addition, it is not unusual for Plaintiff's attorneys to find themselves opposed by the resources of corporate defendants.

For those reasons, the Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justify a higher rate than many other areas of practice.

**5. The Preclusion of Other Employment Due to Acceptance of the Case and the**

**Undesirability of the Case.**

As noted above, the United States Supreme Court, has recognized that civil rights advocates act as "private attorney generals." *See e.g., Hensley*, 461 U.S. at 445. The primary, and perhaps singular, reason public places are beginning to comply with the 20-year old obligations of the ADA is because of private enforcement suits. See, *Antoninetti v. Chipotle Mexican Grill, Inc.*, 613 F. 3d 971, 980 (9th Cir 2010), *cert. denied*, *Chipotle Mexican Grill, Inc., v. Antoninetti*, 2011 WL 645276 (79 USLW 3514, April 18, 2011). That notwithstanding, the efforts of individuals such as the Plaintiff and the attorneys who represent the disabled are "not pleasantly received," *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974). As another court was far blunter in describing the reaction as one of "vitriolic hostility." *Mallory v. Harkness*, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996).

Because of the negative publicity and attitude that many have toward Title III ADA actions, Plaintiffs' counsel are predictably precluded from other employment based on acceptance of the case. For instance, it is highly unlikely that a Plaintiff's lawyer would attract business clientele. It has been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. As explained in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974):

> "Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court."

Additionally, in the instant case, the Plaintiff's rights, and those of all disabled individuals, were vindicated by counsel working on this case, the time which could have been spent on other matters.

**6. The Reasonable Hourly Rate, the Customary Fee and Fees Awarded in Similar Cases.**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation. *See, Marisol A. v. Giuliani*, 111 F. Supp.2d 381 (S.D.N.Y.2000). The relevant community to which the Court should look is the District in which the case was brought. *Patrolmen's Benevolent Assn of the City of New York, Inc. v. The City of New York*, 2003 WL 21782675 (S.D.N.Y. 2003); *AR v. New York City Department of Education*, 407 F.3d 65 (2d Cir 2005); *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, 2005 WL 3338555 (S.D.N.Y. 2005).

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases. Evidence may include "citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." *Haugh v. Sec'y of Dep't of HHS*, No. 90-3128V, 1999 WL 525539, at *2 (Fed.Cl. June 30, 1999); *Design & Prod., Inc. v. United States*, 20 Cl.Ct. 207, 220 (1990) (same). Furthermore, because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed. This takes into account the delay in payment. *Lanni v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, courts adjust rates upward to account for inflation. It is especially important in this case which has been in litigation for months without Plaintiff's counsel having received any payment to date.

Most recently, an hourly rate of $420 for the undersigned was found to be reasonable and in line with the rate for fees awarded in similar cases in the Southern District of Florida. *Barberi v. Mi Viejo San Juan Restaurant, LLC*, Case No. 1:16-cv-23313-CMA (S.D. Fla. January 30, 2017)

[DE 23] Also see *Barberi v. La Leonesa Fritanga*, Case No. 16-cv-23601-DPG (S.D. Fla. January 13, 2017); *Barberi v. Nava Motors Corp.*, Case No. 1:17-cv-20532-UU (S.D. Fla. March 22, 2017); *Barberi v. Ocaris Management Group., Inc.*, 1:17-cv-20556-UU (S.D. Fla. March 28, 2017); *Caplan vs. AllStar119, LLC et al.,* 1:18-cv-21340-UU (S.D. Fla. October 5, 2018); *Caplan v. George's Paint & Hardware Inc., et al.,* 9:18-cv-81283-BB (S.D. Fla. January 14, 2019) *Caplan v. Vaval,* Case No. 18-cv-21880-RNS (S.D. Fla. February 28, 2019) [DE 14] ("The Court finds this hourly rate for Stern reasonable"); *Caplan v. Stanton Dental Excellence,* Case No. 18-cv-61792-RS (S.D. Fla. July 18, 2019) [DE 23] ("the Court finds that the $420 hourly rate of attorney Stern is reasonable and should be awarded.). In the 2013 case of *Houston v. Arshak Corp.*, 0:13-cv-60752 (S.D. Fla. 2013), a plaintiff's counsel was also awarded $420.00 per hour [DE 15 & 17]. In *Access 4 All, Inc. v. The TJX Companies, Inc.*, Case No: 9:11-cv-80109 (S.D. Fla.), counsel for the defendant represented to the Court that $450.00 per hour was the rate for "senior" attorneys. [DE 30, at 11-12]. In *Houston v. South Bay Investors*, Case No. 9:13-CV-80193-DTKH (S.D. Fla. July 25, 2013), the Court found that the Plaintiff's requested hourly rate of $420.00 was "reasonable in light of counsels' experience and citation to other cases in this district wherein the courts approved an identical rate." In *Kennedy v. 5096 Forest Hill Investments, LLC*, Case No. 15-cv-81001-RLR [DE 21] (S.D.Fla October 21, 2015) the Court found an hourly rate of $420 to be reasonable.

In recent Middle District cases, attorneys have stated, under oath, that $400.00 per hour is reasonable, *Access for the Disabled, Inc., v. Associated Outdoor*, 8:13-cv-100-UMC (M.D. Fla. 2013) [DE 22] as is $825.00 per hour. *Harty v. Mal-Motels, Inc.*, 6:10-cv-1333 (M.D. Fla. 2013) [DE 64-1 & 65].

Courts in other jurisdictions have also approved rates ranging to $430 per hour in similar

8

types of litigation. For example, in *Rodriguez v. McLoughlin*, 84 F.Supp.2d 417 (S.D.N.Y. 1999), the Court awarded the supervising attorney in a civil rights action $425 per hour. In *Skold v. American Int'l Group, Inc.*, 1999 WL 405539 at 6-7 (S.D.N.Y. June 18, 1999), the Court held that a rate of $400 for an experienced civil rights litigator was reasonable. Further, hourly rates in the three to four-hundred-dollar range are not limited to large firms. *New York State NOW v. Pataki*, 2003 WL 2006608, at 2 (S.D.N.Y. Apr 30, 2003) (approving a rate of $430 an hour for a small civil rights litigator).

Throughout this litigation, Plaintiff was represented by the firm of The Advocacy Law Firm, P.A; attorney Ronald Stern provided the representation for the firm, assisted by associate Ronnette Gleizer, Esq., and paralegals Lola Tivodar and Muminat Kerimova. In the instant action, Plaintiff seeks to be awarded a fee at an hourly rate for attorney Ronald Stern of $420.00, an hourly rate for attorney Ronnette Gleizer of $350.00, and for the paralegals an hourly rate of $125.00.[3] This amount is reasonable considering counsel's experience in this field, the contingent nature of the case and that it is in line with the prevailing market rate.

## 7. Whether the Fee is Fixed or Contingent.

The fee in the instant action is contingent. In fact, Plaintiff's counsel has incurred significant expenses. Moreover, there is no certainty that Plaintiff's counsel will receive any compensation at all. Therefore, in setting a reasonable hourly rate, Plaintiff submits that this Court should award the higher range of rates to account for the length of time and uncertainty that counsel will be paid at all.

## 8. The Time Limitations Imposed by the Client or Circumstances.

---

[3] e.g., ABC Charters, Inc., v. Bronson, 2010 WL 1332718 (S.D. Fla. March 16, 2012) ($125.00 reasonable rate for paralegal services); *Houston v. South Bay Investors,* Case No. 9:13-CV-80193-DTKH (S.D. Fla. July 25, 2013), ($115.00 reasonable rate for paralegal services)

9

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the Subject Facility, time was of the essence. Every day that passed while the undersigned did not work on the case and make every effort to expedite its resolution, by pursuing litigation, was another day that the Facility would remain inaccessible.

**9. The Nature and Length of the Professional Relationship with the Client.**

Ronald Stern has represented Plaintiffs and Defendants in many other actions, and has a continuing relationship with the clients, including Plaintiff in this particular action. This has led to increased efficiency in the prosecution of this litigation.

## II. EXPERT FEES, COSTS AND LITIGATION EXPENSES

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, *inter alia*, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920. See *Dowdell v. City of Apopka*, 698 F. 2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." *Id*. at 1192. *Dowdell* reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs. Courts routinely grant to the prevailing party the cost of the filing fee incurred in bringing a lawsuit. *See, e.g., James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla.2007). Service

of process fees paid to private process servers are taxable so long as the amount does not exceed the amount charged by the U.S. Marshals Service. *E.E.O.C. v WO*, 213 F.3d 600, 624 (11th Cir. 2000). In this action a $35.00 service fee should be a recoverable taxable fee.

Generally, absent express statutory authority, the reimbursement for expert witness fees under 28 U.S.C. § 1920(3) is limited, as it is for all witnesses, by the provisions of 28 U.S.C. §1821(b). *Crawford Fitting Co. v JT Gibbons*, 482 U.S. 437, 442 (1987). However, the ADA is one of those statutes that allows for the recovery of expert witness fees. As another court facing this issue noted:

> The ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party. See 42 U.S.C. § 12205; see also 28 C.F.R. § 35.175. The preamble to the ADA Title II regulations explains that "[l]itigation expenses include items such as expert witness fees, travel expenses, etc." 28 CFR Pt. 35, App. A, Section–by–Section Analysis, §35.175. This construction of the statute is consistent with its legislative history. According to committee reports, Congress included the term "litigation expenses" in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits. See H.R. Rpt. No. 101–485(III) at 73, reprinted in 1990 U.S.C.C.A.N. 445, 496 (Report of the Committee on the Judiciary) ("Litigation expenses to include the costs of expert witnesses. This provision explicitly incorporates the phrase 'including litigation expenses' to respond to rulings of the Supreme Court that items such as expert witness fees, travel expenses, etc., be explicitly included if intended to be covered under an attorney's fee provision."); H.R. Rpt. No. 101-485(II) at 140, reprinted in 1990 U.S.C.C.A.N. 303, 423 (Report of the Committee on Education and Labor) ("Litigation expenses include the costs of experts and the preparation of exhibits.").

*Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); *see also Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) ("A prevailing ADA plaintiff may recover expert fees as a litigation expense.") (internal citation omitted). *Also see*, e.g., *Ass'n for Disabled Americans v. North Beach Hotel, Inc.*, 97-133-Civ-Highsmith (S.D. Fla. June 21, 1998) (DE 35) (awarding expert fees of $3,755.50 based on $185 hourly rate); *Barberi v. Pego International Corp.*, Case No. 15-cv-23873-KMM [DE 24] (S.D.Fla May 17, 2016); *Barberi v. Benitez Fine Art*

11

*Gallery, et al.*, 1:16-cv-20949-JLK [DE 24] (S.D.Fla July 22, 2016); *Barberi v. La Curva Restaurant Corp., et al.*, 1:15-cv-24737-DPG [DE 31] (S.D.Fla September 7, 2016); *Barberi v. Casa Panza Café, Inc., et al.*, 1:16-23174-civ-JAL [DE 14] (S.D.Fla September 8, 2016); *Barberi v. La Pinarena Gallo Pinto Corp.*, Case No. 16-cv-23959-UU [DE 22] (S.D.Fla November 17, 2016). Plaintiff retained Mr. Jon Kronillis as an expert to perform an evaluation of the Defendants' facilities and is entitled to recover such expert fees. The Plaintiff's expert's affidavit, expert's CV and inspection report are attached hereto as Exhibit "C" and the expert's invoice for the initial inspection is attached hereto as Exhibit "D".

In *Davis v. Mason County*, 927 F. 2d 1473, 1488 (9th Cir. 1991), the Ninth Circuit discussed the recovery of travel expenses under 42 USC 1988,

> "Mason County fails to see that like the expert witness fees, the travel expenses were not granted as costs under section 1920, but rather as out-of-court expenses compensable under section 1988. Courts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. *Dowdell, supra* at 1190, *Palmigano v. Garraby*, 707 F. 2d 636,637 (1st cir 1983); *Northcross v. Board of Education*, 611 F. 2d 624, 639 (6th Cir. 1979); cert. denied, 447 U.S. 911 (1980). As the Eleventh Circuit said in Dowdell:
>> "Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenses which maybe essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award accordingly. Thus, following the reasoning adopted in upholding the award of expert witness fees, we also affirm the district courts award of travel expenses pursuant to section 1998."

Photocopying charges are taxable as costs to a prevailing party under 28 U.S.C. §1920(4). Beyond the costs authorized in §1920, the ADA authorizes an award of litigation expenses under 42 U.S.C. §12205. "Section 12205's allowance of 'litigation expenses' is much broader than the provisions of §1920," and it includes expenditures for items that are related to the advancement of

the litigation. *Corbett v. Nat'l Prods.*, No. 94-2652, 1995 WL 284248, at *4 (E.D.Pa. May 9, 1995); *accord Chaffin v. Kansas*, No. 01-1110-JTM, 2005 WL 387654, at *2 (D.Kan. Feb. 17, 2005); *Robins v. Scholastic Book Fairs*, 928 F.Supp. 1027, 1036-37 (D.Or. 1996).

Plaintiff's expenses are fully itemized in Exhibit "A". Also included in Exhibit "A" is a $500.00 re-inspection fee for the expert's re-inspection contemplated after the Defendants complete the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected. Re-inspection fees have been awarded in civil rights cases in order to monitor compliance with the court order. See, *Access For America, Inc. v. Oakwood Center, L.C.*, Case No. 8:02-civ-464-T-30MSS (M.D. Fla. 2003); *Access For America, Inc. v. Fram Fed Four, Inc.*, Case No. 02-60605-civ-Lenard/Simonton, at p. 14 (S.D. Fla. 2002); *Access 4 All, Inc. v. Business Consultants International Corp.*, Case No. 02-21482-civ-Ungaro-Benages/Brown p. 10 (S.D. Fla. 2002); *Access 4 All, Inc. v. Safari Investments, Inc.,* Case No. 01-4795-civ-Jordan/Bandstra, p. 11 (S.D. Fla. 2002); *Barberi v. Pego International Corp.,* Case No. 15-cv-23873-KMM [DE 24] (S.D. Fla May 17, 2016); *Barberi v. La Pinarena Gallo Pinto Corp.*, Case No. 16-cv-23959-UU [DE 22] (S.D. Fla November 17, 2016).

As set forth above, as itemized in Exhibit "A," the Plaintiff's attorneys' fees, costs and litigation expenses fees are as follows:

(a) To date, the Plaintiff has incurred $20,972.00 for attorneys' fees based on an hourly rate of $420.00 per hour for Ronald Stern's time and $350.00 per hour for Ronnette Gleizer's time, and paralegal fees of $812.50 based on $125.00 per hour for the paralegals.

(b) Plaintiff has further incurred costs and litigation expenses in the total amount of $3,517.67.

Thus, Plaintiff's total attorney fees, costs and litigation expenses incurred to date without

taking into accounting future enforcement time and costs is $25,302.17.

## LOCAL RULE 7.3(b) CERTIFICATION

The undersigned counsel certifies that he has conferred with Counsel for Defendants, Todd W. Shulby, Esq.

Defense Counsel has agreed to very little if anything above the filing fee. As indicated in the instant motion, Plaintiff believes it is that precise unreasonableness which is the reason that Plaintiff had to incur said fees and costs.

Plaintiff would have agreed at least in part and narrowed the issues for the Court. However, Defendants object to compensation of many time and expense entries that leaves Plaintiff with no options for resolution. Plaintiff and Defendants cannot agree further and require the Court's determination. Plaintiff reserves his right to object to Defendants' Rebuttal to Time Entries and Expenses of Plaintiff in the filings/hearings anticipated in the future. Plaintiff maintains the hourly rate is reasonable as is the amount of time expended and the costs.

## **CONCLUSION**

**WHEREFORE**, Plaintiff respectfully moves this Court to award him his attorney's fees, litigation expenses, expert witness fees, and costs as requested above in the amount of $25,302.17, and any such further relief in favor of Plaintiff that the Honorable Court deem just and proper.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.


Respectfully submitted,

By: *Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Blvd.
Suite 503
Hallandale Beach, Florida 33009
Telephone:   (954) 639-7016
Facsimile:   (954) 639-7198
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:19-cv-62890-STRAUSS

HOWARD MICHAEL CAPLAN,

       Plaintiff,

vs.

REHABCLINICS (PTA) INC., a Foreign Profit Corporation d/b/a SELECT PHYSICAL THERAPY, and HALLANDALE PARTNERS 4 LLC, a Florida Limited Liability Company,

       Defendant(s).
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 15th day of May 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                        By: *Ronald E. Stern*
                        Florida Bar No. 10089
                        THE ADVOCACY LAW FIRM, P.A.
                        1250 East Hallandale Beach Blvd.
                        Suite 503
                        Hallandale Beach, Florida 33009
                        Telephone: (954) 639-7016
                        Facsimile: (954) 639-7198
                        Attorney for Plaintiff