UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62890-STRAUSS

**HOWARD MICHAEL CAPLAN**,

    Plaintiff,
v.

**REHABCLINICS (PTA) INC.**, *et al.*,

    Defendants.
_____/

## ORDER

THIS MATTER came before the Court upon Plaintiff's Verified Motion for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses ("Motion") [DE 46]. The Court has reviewed the record and all of the filings in this case including the Motion and the Response [DE 48] and Reply [DE 51] thereto. For the reasons discussed herein, the Motion [DE 46] will be **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

Plaintiff brought this action under the Americans with Disabilities Act ("ADA") on November 21, 2019, when he filed his Complaint. Both Defendants appeared in mid-December 2019. Defendant Rehabclinics (PTA) Inc. ("Rehabclinics") filed its Answer [DE 9] on December 13, 2019, and Defendant Hallandale Partners 4 LLC ("Hallandale Partners") filed its Corrected Answer [DE 16] on December 30, 2019.

On January 10, 2020, Hallandale Partners filed its inspection report [DE 19]. In the weeks that followed, the parties engaged in settlement discussions. Ultimately, at a February 19, 2020 settlement conference, the parties reached an agreement on all issues in this case with the exception of issues concerning attorneys' fees and costs. Following the settlement conference, the parties

finalized their settlement, and, on April 3, 2020, they filed a Joint Motion for Approval of Settlement [DE 40], which the Court approved [DE 41].

As reflected in the parties' settlement agreement, "Hallandale Partners shall pay Plaintiff for the reasonable attorney's fees, litigation expenses and costs incurred by Plaintiff's counsel . . . and expert witness" [DE 40-1 at ¶ 2]. Moreover, in the Order Approving Settlement and Dismissing Case with Prejudice [DE 41], the Court found that Plaintiff is entitled to an award of reasonable attorneys' fees, litigation expenses, and costs in accordance with the parties' settlement agreement. In that Order, the Court also retained jurisdiction to rule upon the reasonableness of any fees and expenses sought if the parties could not reach an agreement on reasonableness.

Although "Plaintiff's entitlement to fees, expenses and costs [was] established" pursuant to the settlement agreement [DE 40-1 at ¶ 2] and the Court's Order approving the parties' settlement [DE 41], the parties were unable to agree upon the reasonableness of such fees and expenses. Therefore, Plaintiff has filed the Motion [DE 46] to put the issue of reasonableness before the Court in accordance with the parties' settlement agreement and the Court's Order [DE 41]. Pursuant to the Motion, Plaintiff seeks to recover $21,784.50 in attorneys' fees and $3,517.67 in litigation expenses and costs, for a total award of $25,302.17.

## ANALYSIS

In ADA cases, courts "may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. As discussed above, the Court has already found, consistent with the parties' agreement, that Plaintiff is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from Defendant Hallandale Partners.

### I. ATTORNEYS' FEES

When determining reasonable attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

### A. Reasonable Hourly Rates

Plaintiff requests that this Court find $420 to be a reasonable hourly rate for attorney Ronald Stern, $350 to be a reasonable hourly rate for attorney Ronnette Gleizer, and $125 to be a reasonable hourly rate for two paralegals (Lola Tivodar and Muminat Kerimova) employed by Plaintiff's counsel. Hallandale Partners counters that Mr. Stern's reasonable hourly rate is $250, that Ms. Gleizer's reasonable hourly rate is $150, and that a reasonable hourly rate for the paralegals is no more than $36. Hallandale Partners' counsel has submitted a declaration [DE 48-2] with his client's Response [DE 48] stating that he is billing his time at an hourly rate of $300 in this case. His declaration also discloses his experience in this area of law. In the Response, Hallandale Partners notes that its counsel has more experience in this area than Plaintiff's counsel.

It is Plaintiff who has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id*. at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id*. at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

According to the Motion, Mr. Stern has been a member of the Florida Bar for fifteen (15) years, and Ms. Gleizer has been a member of the Florida Bar for nine (9) years. The Motion also

states the Mr. Stern and Mr. Gleizer have represented disabled plaintiffs in hundreds of ADA cases. The Court is well aware of their substantial experience in this area, particularly Mr. Stern.

Less than a month ago, the undersigned issued a Report and Recommendation regarding a contested fee motion in another ADA case, where the plaintiff was represented by the same attorneys representing Plaintiff in this case. *See Barberi v. Gascom, Inc.*, No. 19-cv-62016, 2020 U.S. Dist. LEXIS 112702 (S.D. Fla. June 25, 2020).[1] In *Gascom*, the undersigned found $410 to be a reasonable hourly rate for Mr. Stern (Mr. Stern voluntarily reduced his rate from $420 to $410), $325 to be a reasonable hourly rate for Ms. Gleizer (Ms. Gleizer's rate was voluntarily reduced from $350 to $325, though the undersigned noted that her pre-reduced rate of $350 would not have been reasonable), and $95 to be a reasonable hourly rate for Plaintiff's counsel's paralegals.

In this case, based on the Court's own knowledge regarding reasonable hourly rates in this community and the Court's consideration of applicable law, and given Mr. Stern's background, experience, and qualifications, the Court finds that $420 is a reasonable hourly rate for Mr. Stern. As the undersigned noted in *Gascom*, in recent years, other judges in this district have overwhelmingly found $420 to be a reasonable hourly rate for Mr. Stern. Several of the cases in which other judges found $420 to be reasonable for Mr. Stern are referenced in the Motion. *See* DE 46 at pp. 7-8.[2] Additionally, the undersigned would have found $420 per hour to be reasonable

---

[1] The District Court has not entered a ruling concerning the undersigned's Report and Recommendation in that case as the parties notified the Court that they agreed with, and complied with, the undersigned's Report and Recommendation prior to the expiration of the objection period. *See Gascom*, No. 19-cv-62016, at DE 59 (S.D. Fla. July 9, 2020).

[2] While the fee applications were uncontested in several cases, some were contested. In any event, even in the uncontested matters, the court was still obligated to ensure the reasonableness of the hourly rates. *See Caplan v. 101 Vapor & Smoke, LLC*, No. 18-cv-23049-KMM, 2019 U.S. Dist. LEXIS 142994, at *12 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted*, No. 18-cv-23049, at DE 39 (S.D. Fla. Sept. 16, 2019) ("The Court rejects Defendants' argument that cases

5

for Mr. Stern in *Gascom* had he not voluntarily reduced his rate to $410 in that case. Regardless, in light of the fact that numerous judges in this district have found $420 per hour to be reasonable for Mr. Stern in similar cases, Hallandale Partners' arguments to the contrary are unavailing. For the same reason, the mere fact that Hallandale Partners' counsel is charging a lower rate in this matter does not justify lowering Mr. Stern's reasonable hourly rate.

With respect to Ms. Gleizer, during the last couple years, other judges in this district have found hourly rates ranging from $250 to $350 to be reasonable for her. *See, e.g.*, *Barberi v. Miami Auto Experts, Inc.*, No. 17-cv-21218, 2018 U.S. Dist. LEXIS 43568, at *8 (S.D. Fla. Mar. 15, 2018), *report and recommendation adopted*, No. 17-cv-21218, (S.D. Fla. Mar. 30, 2018) (finding $295 to be a reasonable hourly rate for Ms. Gleizer). While the undersigned finds the $350 rate Plaintiff requests for Ms. Gleizer to be slightly excessive, the $150 rate that Hallandale Partners espouses is grossly low in this district. Ultimately, the Court finds that $325 is a reasonable hourly rate for Ms. Gleizer based on its own knowledge regarding reasonable hourly rates in this community and its consideration of applicable law, and given Ms. Gleizer's background, experience, and qualifications. This rate, of course, is within the range that other judges in this district have found to be reasonable for Ms. Gleizer in recent years.

As to the paralegal rates, the Court cannot find that $125 per hour is reasonable because the Motion provides no information regarding the paralegals' experience or qualifications as required by Local Rule 7.3(a)(5)(A). The same issue has previously resulted in similar reductions to Plaintiff's counsel's paralegals' rates. *See Gascom*, 2020 U.S. Dist. LEXIS 112702, at *8; *101*

---

awarding Mr. Stern a $420.00 hourly rate are distinguishable because they involved default judgments where the defendants did not dispute the requested hourly rate. Although Defendants are correct that most of the cases cited were uncontested, those courts, nevertheless, had an obligation to review and determine whether Mr. Stern's hourly rate was reasonable." (citations omitted)).

6

*Vapor & Smoke*, 2019 U.S. Dist. LEXIS 142994, at *14. While a reasonable hourly rate in this district for some paralegals may be below $100, and a reasonable hourly rate for others may be closer to $200, the Court simply does not have sufficient information to find that the paralegals' rates in this case should exceed $100. Therefore, as in *Gascom* and *101 Vapor & Smoke*, the paralegals' rates will be reduced to $95 per hour. The $36 rate sought by Hallandale Partners is far too low; it is even low for a brand-new paralegal with no experience and limited qualifications.

### B. Hours Reasonably Expended

Plaintiff seeks to recover attorneys' fees for 43.1 hours of Mr. Stern's time, 8.2 hours of Ms. Gleizer's time, and 6.5 hours of paralegal time (1.5 hours for Ms. Tivodar and 5.0 hours for Ms. Kerimova). The Court has carefully reviewed, line-by-line, the time records submitted by Plaintiff's attorneys [DE 46-1] and Hallandale Partners' Rebuttal to those entries [DE 48-3], and the Court has considered the parties' arguments. As discussed herein, the hours billed must be reduced because the time entries evidence numerous instances in which Plaintiff's counsel failed to exercise proper billing judgment. Among other issues, several entries reflect excessive time and several others relate to clerical, secretarial, and administrative tasks.

Hallandale Partners raises several arguments in its Response [DE 48]. It argues that the Court's efforts to curb attorney fee abuse were thwarted and that Plaintiff's counsel made unreasonable fee demands during settlement discussions by demanding fees in excess of those incurred at the time. Hallandale Partners also notes that its attorney's fees are significantly less than the amount of fees claimed by Plaintiff. In addition, it argues that the Court should consider reducing Plaintiff's attorneys' fees because Plaintiff failed to provide pre-suit notice.

The foregoing arguments ultimately seem to be aimed at contending that Plaintiff's counsel unnecessarily and unreasonably caused the attorneys' fees in this case to be much greater than they

7

should have been. While the attorneys' fees in this case are certainly excessive, the Court is reducing them for the reasons discussed below.

In any event, the Court does not find that Plaintiff's counsel prolonged this case to increase attorneys' fees. After all, the case was settled at a settlement conference 2 months after counsel for Hallandale Partners appeared, 1.5 months after Hallandale Partners filed its Answer, and about 1 month after the parties began engaging in settlement discussions. While the parties probably should have been able to reach a settlement a few weeks sooner, it appears that the primary reason they did not is because Plaintiff's counsel and Hallandale Partners' counsel are unable to communicate with each other like professionals (the unprofessional, unnecessary shots they take at each other in the Motion, Response, and Reply confirm this). That aside, the fact that the parties probably should have settled a few weeks earlier does not justify reducing the hours reasonably expended by Plaintiff's counsel, nor does the mere fact that Plaintiff did not provide pre-suit notice, which is not required.[3] *See Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360

---

[3] The Court considered whether an evidentiary hearing was necessary regarding Hallandale Partners' contention that Plaintiff's counsel improperly caused excess litigation and fees and/or regarding Hallandale Partners' pre-suit notice argument. Because the parties settled relatively quickly, but only with the undersigned's assistance at a settlement conference (because of the attorneys' inability to effectively communicate with each other), the undersigned does not find that it is necessary to hold an evidentiary hearing. Moreover, it is also unnecessary to hold an evidentiary hearing because, significantly, no party has expressly requested an evidentiary hearing. *See Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245-46 (11th Cir. 2003) ("A hearing on the fee issue is required 'where an evidentiary hearing was requested, where there were disputes of fact, and where the written record was not sufficiently clear to allow the trial court to resolve the disputes of fact . . . .' An evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome.' Because Ms. Munson has indicated no place in the record where she unequivocally requested an evidentiary hearing on the fee issue, Ms. Munson failed to meet the first prerequisite for obtaining a hearing (that she plainly request one in the first place). In addition, the issues that Ms. Munson would have raised at an evidentiary hearing were within the district court's expertise to decide without further evidence or argument beyond the written submissions." (internal citations omitted)). Moreover, the Court reiterates that all excessive time is being excluded, as detailed below.

8

(11th Cir. 2006) ("We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award.").

With respect to the specific hours billed, Hallandale Partners argues that Plaintiff's counsel included descriptions that are too vague, improperly billed 0.1 hours for numerous tasks that took seconds, improperly billed for too many phone calls with Plaintiff (under the specific facts and circumstances of this case), improperly billed for travel time, improperly billed for secretarial and clerical tasks, and billed excessive hours for recycled and boilerplate pleadings used in other cases. Ultimately, Hallandale Partners seeks a reduction of 90% of the hours billed. All of the foregoing arguments, and Plaintiff's reply to those arguments, have been taken into account in making the reductions that are set forth below. While Defendant is correct that the hours billed are highly excessive, an across-the-board reduction of 90% is far too drastic. In addition, Defendant argues that the results obtained in this case also warrant a reduction. However, the Court does not find that the presumptively reasonable lodestar figure should be reduced based on the results obtained. It is worth noting (again) that the parties *voluntarily* reached a resolution at a settlement conference only 2 months after Hallandale Partners' counsel appeared in this case and, ultimately, Plaintiff obtained a significant amount of the relief he sought in this case including an agreement on entitlement to reasonable fees and expenses.

### 1. Ronald Stern, Esq.

The Court finds that 20.9 of Mr. Stern's 43.1 hours are reasonable. However, the remaining 22.2 hours billed by Mr. Stern are not reasonable for the reasons discussed herein. The substantial majority of Mr. Stern's time entries contain excessive time that the Court has excluded. The Court also deducted 0.1 hours from a vague entry for 0.2 hours (review consent), and the Court deducted 0.4 hours for duplication. The only entries of Mr. Stern that have not been excluded or reduced in

any manner are his very first entry for 0.6 hours (communication with client regarding problems at property), his entry for 0.8 hours for reviewing DE 19 and the exhibits thereto, his January 23, 2020 entry for 0.7 hours for preparing a status report, his 3-hour entry for attending the settlement conference, his entry for 0.3 hours for reviewing DE 36 and the exhibits thereto, and a handful of entries for 0.1 hours.

While the Court has carefully scrutinized each individual time entry to determine the reasonable number of hours expended by Mr. Stern, it would be inefficient to list out every single entry from which the Court has deducted time in this Order given the large number of entries. However, the Court will discuss several types of examples.[4]

First, although Mr. Stern has substantial experience litigating Title III ADA cases (which is why the Court has found $420 to be a reasonable hourly rate for Mr. Stern), and although the same routine orders are entered in many of these cases (*see, e.g.*, DE 5 & DE 8), Mr. Stern frequently bills more than 0.1 hours to review these short routine orders. Even attorneys with less experience in this area should not be billing more than 0.1 hours to review most of those orders. Second, Mr. Stern also frequently bills more than 0.1 hours to review short paperless orders, many of which require mere seconds to read. Anything above 0.1 hours to review such paperless orders is grossly excessive and concerning.

Third, Mr. Stern recycles the same cookie-cutter forms for many routine filings; yet, he has billed excessive time for many such filings. While the forms obviously require some changes and additions from one case to the next, and while Mr. Stern is certainly entitled to bill for time spent making any changes and additions, it is clear – from the Court's review of the filings in this case

---

[4] The Court expects these examples will provide guidance to counsel in submitting future fee applications. Needless to say, the same billing judgment issues and excessive time entries should not appear in future fee applications.

and the Court's review of substantially similar filings in prior cases – that the time billed here is excessive.

Fourth, the amount of hours billed for client communications is excessive. If this were the only case in which counsel represented this particular Plaintiff, the hours billed for client communications would not be excessive. But counsel has represented, and currently represents, Plaintiff in numerous cases. Moreover, all issues other than fees and costs were resolved at the settlement conference less than 3 months after this case was filed.

Fifth, there are several entries for communications with a process server. Absent serious service obstacles or issues (such as when a defendant evades service or files a motion related to the sufficiency of service), however, there should generally be no need for attorneys to have to communicate with process servers. Instead, in most cases, communications with process servers should be with secretarial staff.

Sixth, the Court finds it patently excessive that Mr. Stern has billed a separate 0.1 for every single email (both sent and received) with opposing counsel on days where they exchanged multiple emails. The Court understands that attorneys typically bill in increments of 0.1, and the Court recognizes that it is reasonable to bill 0.1 for a 30-second email (if that is the only email being sent to someone on a particular day). The Court also recognizes that it is reasonable to bill 0.1 for short separate emails (0.1 per email) sent to separate people on the same day (even if both emails relate to the same case). In addition, the Court recognizes that it is reasonable to bill more than 0.1 for emails if they take longer than that to compose – while rare, it is not inconceivable that a single lengthy, detailed email could take an hour to compose, and such time may be reasonable depending on the facts and circumstances (and the description provided).

What's not reasonable, though, is to bill 0.1 for every one of the 25 emails that Mr. Stern sent to or received from opposing counsel on January 24, 2020, when there is no indication that it actually took 2.5 hours to compose and review those emails. The descriptions for those emails provide no such indication because the descriptions say nothing more than email to/from opposing counsel. Tellingly, defense counsel only billed a total of 0.4 hours for all of the emails exchanged between counsel on January 24, 2020. While billing 0.1 hours for an individual, isolated email may be a common, and reasonable, practice, at some point, counsel has the responsibility to look at his billing holistically and exercise billing judgment. Furthermore, while Plaintiff's counsel's January 24, 2020 time entries contain the most 0.1 entries for individual emails to and from the same person, they are not the only examples of such egregious overbilling.

Again, the foregoing examples are not exhaustive. However, the Court reiterates that it has carefully reviewed every single time entry and both parties' comments and arguments regarding those time entries. Ultimately, in determining that Mr. Stern reasonably expended 20.9 hours of time, the Court deducted a total of 22.2 hours, representing all of the hours where Mr. Stern failed to exercise proper billing judgment (with most of those hours being deducted as excessive).

### 2. Ronnette Gleizer, Esq.

With respect to Ms. Gleizer, only 3.2 of her 8.2 hours are reasonable. Like Mr. Stern, Ms. Gleizer inexplicably billed 0.1 hours for every email she sent to, or received from, the same attorney (opposing counsel) on the same day, without providing any indication that the emails with opposing counsel in a given day collectively took the total amount of time that was billed. Several other entries are also excessive. In addition, some of her entries are vague and a couple entries

contain time that is duplicative of Mr. Stern's time.[5] For instance, Ms. Gleizer's March 16, 2020 time entry stating "review consent" is vague, and Mr. Stern had an identical time entry (for less time) twelve days earlier. Finally, the Court has deducted limited clerical time from Ms. Gleizer's entries (*e.g.*, "File Motion; Order to Judge").

### 3. Paralegal Hours

Of the 1.5 hours billed for Ms. Tivodar, only 0.4 hours are reasonable. That time was incurred in connection with her first two entries (review of county tax records, review of Sunbiz records). While a total of 0.6 hours is sought for those two entries, that is somewhat excessive in light of the limited description provided. The remaining hours billed for Ms. Tivodar are unreasonable because they pertain to clerical or administrative tasks (*e.g.*, file creation, mailing) or are excessive and/or vague.

As to Ms. Kerimova, only 0.6 of her 5.0 hours are reasonable. Her reasonable hours include 0.1 hours for a call to chambers and 0.5 hours for emails that she sent (0.2 hours have been deducted for excessive time related to emails). However, the substantial majority of Ms. Kerimova's hours relate to filing court documents and other clerical tasks that are unreasonable to bill to a client or adversary.

### C. Lodestar

Based upon the Court's findings above, the lodestar figure is $9,913.00. This includes $8,778.00 for Mr. Stern's time (20.9 hours * $420), $1,040.00 for Ms. Gleizer's time (3.2 hours * $325), $38.00 for Ms. Tivodar's time (0.4 hours * $95), and $57.00 for Ms. Kerimova's time (0.6

---

[5] For the few entries that reveal duplication, the Court did not fully exclude such entries for both Mr. Stern and Ms. Gleizer.

hours * $95). As indicated above, the Court finds the lodestar figure to be reasonable in this matter and finds that no further reductions are warranted.

## II.     COSTS AND LITIGATON EXPENSES

Plaintiff seeks an award of $3,517.67 in costs and litigation expenses. The foregoing sum includes the $400 filing fee, two $35 charges for service of process, $1.92 for postage, $4 in PACER costs, $41.75 for printing, $2,500 for the fee charged by Plaintiff's expert for work already performed, and a $500 re-inspection fee for Plaintiff's expert for a future re-inspection. Hallandale Partners argues that Plaintiff is not entitled to recover any of the costs or litigation expenses sought other than the $400 filing fee and the $70 in service fees (for service of process on the two defendants). The Court agrees that those two expenses are reasonable and recoverable as taxable costs under 28 U.S.C. § 1920.

As to the $1.92 postage expense and the $4 in PACER costs, such expenses are not taxable under § 1920. Nonetheless, as this is an ADA case, and because the postage and pacer expenses are minimal, the Court will award them. *See Access 4-All, Inc. v. Shoppes on 18th St., Inc.*, No. 08-61691, 2009 WL 10690913, at *6 (S.D. Fla. Oct. 28, 2009) (noting that "some courts permit a party to be reimbursed for postage in an ADA case [if] such costs [are] specifically identified" (citation omitted)). However, the Court finds that Plaintiff is not entitled to recover the $41.75 in printing costs because Plaintiff has failed to demonstrate that they were for anything other than the convenience of counsel. In fact, it appears that Plaintiff's counsel printed virtually every filing in this case including items such as a notice of appearance and other items for which nobody (client or opposing party) should be billed for printing.

That leaves the expert fees of $2,500 and $500. "A prevailing ADA plaintiff may recover expert fees as a litigation expense." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353

(S.D. Fla. 2006) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002)). Moreover, the parties already agreed that Plaintiff is entitled to recover litigation expenses including a reasonable fee for Plaintiff's expert, Jon Kronillis [*see* DE 40-1 at ¶ 2]. Thus, Hallandale Partners' argument that Plaintiff is not entitled to recover any expert fees is meritless. However, the Court agrees that Plaintiff has failed to establish the reasonableness of the expert fees it seeks.

In support of Plaintiff's request for his expert's fees, Plaintiff has submitted a declaration (dated May 11, 2020) from the expert, along with the expert's CV and preliminary inspection report (dated October 30, 2019) [DE 46-3]. Plaintiff has also submitted an invoice from the expert for the $2,500 fee [DE 46-4]. In the declaration, the expert states that he charged a flat fee and generally describes the services he was retained to perform. As reflected in the declaration, the expert estimates that he spent approximately 10-12 hours on this case. The expert's invoice also generally describes the work performed, but it does not specify how much time was spent on each task listed therein.

Ultimately, the information provided justifies an award of some expert fee. However, it does not establish the reasonableness of the $2,500 fee. The only information provided regarding the hours expended is the unallocated estimate of 10-12 hours in the declaration, a declaration that is dated 6.5 months after the date of the inspection report. Under the circumstances, the estimate is unreliable. However, in light of the general descriptions provided in the declaration and invoice, it appears that half of the $2,500 fee is reasonable (the Court simply cannot determine whether more than half of the fee is reasonable). Accordingly, the Court will award $1,250 of the $2,500 fee. In similar circumstances, at least one other judge in this district has awarded half of Mr. Kronillis's fee. *See Caplan v. Vaval*, 2019 U.S. Dist. LEXIS 144891, at *11-12 (S.D. Fla. Feb. 28, 2019). With respect to the $500 re-inspection fee, the lack of information also prevents the

15

Court from determining whether it is reasonable. However, it seems reasonable for a re-inspection to warrant a $250 fee. Accordingly, as in *Vaval*, the Court will award $250 for the re-inspection.

Based upon the foregoing, Plaintiff is entitled to recover reasonable costs and litigation expenses in the amount of $1,975.92.

## **CONCLUSION**

For the reasons discussed above, the Motion [DE 46] is **GRANTED IN PART and DENIED IN PART**. Plaintiff is awarded reasonable attorneys' fees in the amount of $9,913.00, and costs and litigation expenses in the amount of $1,975.92, for a total award of **$11,888.92** against Defendant Hallandale Partners 4 LLC.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 13th day of July 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge